In the Matter of JUSTINE HERCHER, Petitioner, against HARRIS H. MURDOCK et al., Constituting the Board of Standards and Appeals of the City of New York, Respondents.

Supreme Court, Special Term, Queens County, May 31, 1951.

*John P. McGrath, Corporation Counsel (George J. Elkins* of counsel), for respondents.

*Charles S. Belden* for petitioner.

COLDEN, J. This is a motion by the board of standards and appeals of the city of New York to dismiss a petition and to vacate an order of certiorari on the ground that the application for the order was not timely made.

The pertinent statute is section 668e–1.0 of the Administrative Code of the City of New York, which provides: " CERTIORARI.— a. Petition. Any person or persons, jointly or severally aggrieved by any decision of the board upon appeal or review had under section six hundred and sixty-six of the charter, or any agency of the city, or the board of standards and appeals of the labor department of the state, may present to the supreme court a petition duly verified, setting forth that such decision is illegal, in whole or in part, specifying the grounds of the illegality. *Such petition must be presented to a justice of the supreme court or at a special term of the supreme court within thirty days after the filing of the decision in the office of the board, or its publication in the bulletin.*" (Emphasis supplied.)

By resolution adopted on June 13, 1950, and published in the Bulletin of the Board of Standards and Appeals of June 20, 1950, the board affirmed a decision of the borough superintendent denying to the petitioner permission to erect and maintain a business building in a residence-use district. The petition to review the decision of the board was presented " at a special term of the supreme court " on or about August 9, 1950, or approximately fifty days after " its publication in the bulletin."

For the purpose of this application, respondents concede that the thirty-day period did not begin to run until the Bulletin was available for distribution, namely, until June 23, 1950, at 2:00 P.M. Petitioner's attorney denies " that the resolution adopted on June 13, 1950 was published in the bulletin of the Board of Standards and Appeals of June 20, 1950 and that such bulletin was available for distribution on June 23, 1950." But, as already noted, the Bulletin of June 20, 1950, a copy of which has been made part of the moving papers, contains (p. 804, col. 2) the resolution of the board. Hence, the denial that said resolution was published therein is completely without merit. As to the further denial that the Bulletin was available for distribution on June 23, 1950, not one concrete instance of a request for a copy thereof, made at or after 2:00 P.M. of June 23, 1950, is set forth in the opposing affidavit. Petitioner's attorney does state that he " did not *receive* a copy thereof until July 23, 1950." (Emphasis supplied.) But the time when the Bulletin is received is not the event fixed in the statute from which the running of the thirty-day period is to commence. As has been noted in a very similar case, " The Board of Standards and Appeals is not required to make personal service of its decisions. The filing of a decision or its publication in the Bulletin is sufficient."

(*Fleischer* v. *Murdock,* 62 N. Y. S. 2d 417, 419, appeal dismissed 77 N. Y. S. 2d 393.)   Certainly the words '' publication in the bulletin '', as used in section 668e–1.0 of the Administrative Code, cannot reasonably be held to require any more than that the Bulletin in which the decision of the board is contained be made available for distribution in order to commence the running of the time limited.   This court is convinced that in the case at bar the Bulletin was available for distribution at and after 2:00 P.M. of June 23, 1950.

It is clear from the foregoing that petitioner's application for review of the determination of the board was not presented within the thirty-day period required by the Administrative Code.   Accordingly, the motion is granted.

Settle order.